**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x

UNITED STATES OF AMERICA,

          -against-

MARVIN RUTHERFORD,

          Defendant.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

16 Crim. 801-5 (GBD)

GEORGE B. DANIELS, United States District Judge:

Defendant moves for reduction of his sentence and immediate release to home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), in light of his medical conditions and the COVID-19 pandemic. (Letter dated August 16, 2020 ("Compassionate Release Letter"), ECF No. 162; Letter dated September 20, 2020, ECF No. 168.) The Government opposes Defendant's motion for compassionate release. (*See* Letter dated September 2, 2020 ("Gov't Opp'n"), ECF No. 167.) Defendant is currently serving a sentence of 60 months' imprisonment after pleading guilty to conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(B). (J. in a Crim. Case, ECF No. 122.) Defendant's sentence in this matter arises from his participation in narcotics trafficking in the Bronx, New York. (Gov't Opp'n at 1.) Specifically, Defendant sold crack cocaine on approximately 25 occasions. (*Id.*) Defendant is incarcerated at USP Hazelton and his current date of release is April 5, 2021. According to Defendant, he is expected to be released on house arrest on November 5, 2020. (Compassionate Release Letter at 1.)

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment (and impose a term of probation or supervised release, not to exceed the unserved portion of the original term of imprisonment) if, after assessing the factors set forth in Section 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction."

18 U.S.C. § 3582(c)(1)(A)(i).[1] Any such reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Specifically, the Application Notes to United States Sentencing Guidelines § 1B1.13 describe the circumstances that qualify as "extraordinary and compelling reasons" to justify a reduced sentence, which broadly relate to the defendant's medical condition, age, and family circumstances. U.S.S.G. § 1B1.13, Appl. Note 1(A)–(C). The Application Notes also provide a catchall condition for "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, Appl. Note 1(D). Additionally, the defendant must not be "a danger to the safety of any other person or to the community." *Id.* § 1B1.13(2).

Defendant bears the burden of proving that "extraordinary and compelling reasons" exist under 18 U.S.C. § 3582(c)(1)(A) to justify release. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). Here, Defendant argues that the COVID-19 pandemic, combined with his particular medical vulnerabilities and the inability of USP Hazelton to protect him, present an extraordinary and compelling reason for release. (Compassionate Release Letter at 1, 7.)

Defendant is a 30-year-old man who suffers from hypertension (high blood pressure). (*Id.* at 1, 6.) CDC guidance indicates that hypertension may place Defendant at increased risk of suffering severe illness should he contract COVID-19. *See Coronavirus Disease 2019 (COVID-19) – People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-

---

[1] A court may only afford relief under Section 3582(c)(1)(A) "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. 3582(c)(1)(A). The parties do not dispute that Defendant has satisfied this procedural requirement.

extra-precautions/people-with-medical-conditions.html (last updated October 16, 2020). Defendant also cites various other sources that describe a link between hypertension and serious complications from COVID-19. (Compassionate Release Letter at 1, 6.)

Defendant, however, makes no specific allegations about his experience at USP Hazelton that would lead to the conclusion that his circumstances at this facility give rise to extraordinary and compelling reasons for release. Instead, Defendant relies on a series of generalized arguments about prison conditions and cites COVID-19 statistics from other facilities across the country. (*See id.* at 3–7.) Incarceration certainly may carry an increased risk of contracting contagious diseases such as COVID-19. Defendant's compassionate release request, however, essentially asks this Court to find that any individual who has hypertension and is held in federal prison is experiencing extraordinary and compelling circumstances warranting release. Such a conclusion is not warranted. Moreover, there is no evidence that USP Hazelton is experiencing a large number of COVID-19 cases. The facility reports zero confirmed active cases among inmates and one such case among staff.[2] *See COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last updated October 16, 2020). Defendant has not set forth an "extraordinary and compelling" reason that he is entitled to reduction of his sentence. Defendant's request for compassionate release is DENIED.

Dated: October 19, 2020
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[2] USP Hazelton also reports that six inmates and twelve staff members have recovered from COVID-19.